# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:95-cr-00178-FDW

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | |
| | ) | |
| KENNETH JAMES WALLACE, | ) | ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

THIS MATTER is before the Court on Defendant's Amended Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. No. 461) based upon the retroactive application of the crack cocaine penalty reduction imposed by the United States Sentencing Commission. See United States Sentencing Commission Sentencing Guidelines, Amendment 706, as amended by Amendment 711 (reducing the guideline range for crack cocaine offenses, effective November 1, 2007) and Amendment 713 (making Amendment 706 retroactive, effective March 3, 2008). The Government has responded in opposition to the motion. (Doc. No. 460.) The Court has reviewed Defendant's case to determine whether he is eligible for a sentence reduction. The Government concedes that Defendant is eligible for the reduction, and the Court is inclined to grant it, but for the reasons that follow is unwilling to give Defendant the extent of the reduction he has requested.

Defendant Kenneth James Wallace was indicted on October 4, 1995, and charged with conspiracy to possess with intent to distribute cocaine and cocaine base near a protected location, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 860. Pursuant to a written agreement, on January 11, 1996, Defendant pled guilty and accepted responsibility for more than 1.5 kilograms of crack cocaine. Additionally, both Defendant and the Government agreed that he should receive a two-level

enhancement for selling drugs in a protected area pursuant to U.S.S.G. § 2D1.2, a two-level enhancement for his aggravating role in the conspiracy pursuant to U.S.S.G. § 3B1.1(c), and a three-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1.

Defendant's original guideline range of imprisonment was between 262 and 327 months, based on an offense level of thirty-nine (39) and a criminal history category of I, as calculated by the Guidelines as they existed at the time of Defendant's sentencing. On November 13, 1996, the court sentenced Defendant to 262 months, the low end of the original guideline range. The Government filed a subsequent motion for reduction of sentence pursuant to Federal Rule of Criminal Procedure 35(b) due to Defendant's substantial assistance, and he was re-sentenced on November 24, 1999, to 180 months imprisonment. Defendant has served 161 months of his sentence and now requests that this Court reduce his sentence to 145 months.[1] Doing so would not only result in the immediate release of Defendant, but would also create a sixteen-month "credit" to be applied against any future sentence that the Court might later impose upon revocation of supervised release.

Section 3582(c)(2) of Title 18 provides that in the case of a defendant who has been sentenced to a term of imprisonment "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," the court *may* reduce the term of imprisonment upon motion of the defendant or upon its own motion, "after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent they are applicable" and if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission. The text of § 1B1.10, as amended, makes

---

[1] The offense level after the application of the retroactive amendment would be thirty-seven (37), yielding a guideline range of 262 to 327 months. Based on U.S.S.G. §1B1.10, the proportionate revised sentence would be 145 months, which is at 69 percent of the low end of the new guideline range; such a sentence would be comparable to the 180 months that he is serving based on the previous range of 262 to 327 months. As discussed herein, his post-sentencing conduct, *inter alia*, does not support that he receive such a proportionate reduction.

clear in subsection (a)(3) that "proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant." Id. § 1B1.10(a)(3). In the Commentary to § 1B1.10, the Sentencing Commission emphasized that the decision to grant a sentence reduction authorized by retroactive amendments is a discretionary decision, making clear that defendants are not entitled to such reductions as a matter of right: "The authorization of such a *discretionary reduction* . . . does not entitle a defendant to a reduced term of imprisonment as a matter of right." Id. Background Commentary (emphasis added); see also U.S.S.G. § 1B1.10(a)(1) (indicating that the Court "*may* reduce the defendant's term of imprisonment") (emphasis added).

The full record before the Court, including the original Presentence Report, indicates that Defendant was active during 1993 and 1994 in a violent distribution ring, and such involvement resulted in Defendant's responsibility for over 1.5 kilograms of crack cocaine. Defendant received level enhancements for both distributing near a protected area and for an aggravating role within the conspiracy, acting as a middle-man between distributors and potential buyers of crack cocaine. Post-sentencing, Defendant has five citations for misconduct, including interfering with "count," possessing unauthorized pills, possessing an unauthorized radio, giving a ring to his girlfriend without authorization, and counterfeiting or forging a document. Despite Defendant's assertion that these offenses all should be regarded as minor, they do show that he has not fully developed a respect for the law, especially as the last citation for forgery was issued less than two years ago.

Although the Court has considered all of the § 3553(a) sentencing factors as they relate to Defendant, facts such as these remind the Court of its responsibility ". . . to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). Both Defendant's aggravated involvement in such a dangerous conspiracy and his post-sentencing conduct reflecting

a failure to follow the rules convince the Court that reducing Defendant's sentence to 145 months is inappropriate.

The Court does feel, however, that Defendant should receive some benefit from the crack cocaine amendment. The Court will, therefore, reduce Defendant's sentence by six (6) months, from 180 months to 174 months. This reduction gives Defendant the benefit of the amendment while recognizing the violent nature of his criminal conduct and the Court's duty to protect the public safety. The Court finds that this amended sentence of 174 months is adequate, but no greater than necessary, to accomplish the objectives of 18 U.S.C. § 3553(a), while a further reduction would frustrate those objectives.[2]

Therefore, the Court finds that, under the facts and circumstances of this case, and in consideration of the relevant sentencing factors at § 3553(a), an amended sentence of 174 months is an appropriate reduction. Accordingly, Defendant's motion is GRANTED.

IT IS FURTHER ORDERED that as a condition of supervised release Defendant shall submit to the local Residential Reentry Center for a period not to exceed 90 days, with work release, at the direction of the U.S. Probation Officer.

IT IS SO ORDERED.	Signed: May 22, 2008

Frank D. Whitney
United States District Judge

---

[2] The Court notes that it is not required under Fourth Circuit case law to undertake an exhaustive analysis of all of the § 3553(a) factors in this Order. See United States v. Legree, 205 F.3d 724, 728 (4th Cir. 2000); see also United States v. Foster, No. 07-7066, 2007 WL 4284675, at *1 (4th Cir. December 7, 2007); United States v. Johnson, 138 F.3d 115, 119 (4th Cir. 1998); United States v. Davis, 53 F.3d 638, 642 (4th Cir. 1995).